IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **DORYS POLANCO,** <br>                                    Plaintiff, <br><br> **v.** <br><br> **ASHFORD TRS BUCKS COUNTY, LLC d/b/a BUCS COUNTRY SHERATON**, <br>                                    Defendant. | **CIVIL ACTION** <br><br> **NO. 22-1533** |

**MEMORANDUM RE: DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

**Baylson, J.**                                                                                                                   **March 7, 2023**

This case arises from a slip and fall incident in a hotel elevator lobby in July 2020. The Defendant moves for summary judgment. This Court will deny the motion.

**I.    SUMMARY OF FACTS AND PROCEDURE**

The facts, as undisputed by the parties, are as follows. On July 20, 2020, Plaintiff Dorys Polanco was a guest at the Bucks County Sheraton hotel, operated by Defendant Ashford TRS Bucks County, LLC. Def. CSUF (ECF 9-1) ¶¶ 1, 3. Polanco slipped on melted ice and fell in the elevator lobby on the first floor of the hotel. Id. ¶ 3. She does not know how ice came to be in the lobby or how long, exactly, the ice was present before she slipped,[1] but it had partially melted by the time she slipped. Id. ¶¶ 3, 5, 10. There were no witnesses to her fall. Id. ¶¶ 7, 18-19. The hotel lobby was only staffed by three people and there were no housekeepers on duty at the time. Id. ¶¶ 18, 20, 25  The hotel staff indicated that it was not normal procedure for any employee to constantly monitor all areas of the hotel. Id. ¶ 30(a). Polanco went to urgent care, where she had

---

[1] The Hotel points to a statement made in the "Guest Incident Report" that indicates that another guest spilled the ice and later came up to one of the Hotel employees after Polanco fell to apologize for spilling the ice. Mot. (ECF 9) ¶ 4. Polanco argues this is hearsay that should not be considered for the purposes of this motion. Resp. (ECF 10) ¶ 4.

1

surgery on her right shoulder and left knee as a result of the injuries sustained in her fall.  Id. ¶ 20; Resp. (ECF 10) at 8.

Polanco brought suit in Pennsylvania state court; the Hotel removed on the basis of diversity.  Notice of Removal (ECF 1).

**II.    SUMMARY OF BRIEFING**

The Hotel moves for summary judgment, arguing that Polanco has failed to establish a genuine issue of material fact.  Mot. (ECF 9) at 2.  Specifically, the Hotel argues that Polanco has failed to show evidence that the Hotel had actual or constructive notice of the alleged dangerous condition, and as a result, that the Hotel is entitled to judgment as a matter of law.  Id. at 2-3.  The Hotel cites a number of cases to support its argument that Polanco lacks sufficient evidence that the Hotel had constructive notice of the spilled ice.  Id. at 4-7.  The Hotel argues Polanco cannot show that the Hotel failed to exercise reasonable care because she cannot present evidence that the ice was present for a long enough period of time that the Hotel employees knew or should have become aware of it had they exercised reasonable care.  Id. at 4-6.

Polanco replies, arguing that her injury was the result of the Hotel's failure to discovery the spilled ice in an appropriate amount of time and its failure to adequately investigate the situation.  Resp. (ECF 10) at 11.  She argues that the ice had been present long enough to melt into water, supporting a conclusion that the dangerous condition had been present for a long enough time to satisfy the element of actual or constructive notice.  Id. at 12.

The Hotel replies, arguing that Polanco has still not shown evidence of the duration of the hazard, but instead engages in speculation.  Reply (ECF 11) at 3, 6.  The Hotel emphasizes that Polanco has not provided any evidence that the water was "tracked" throughout the elevator lobby,

suggesting that the ice or water had not been there for very long.  Id.  The Hotel also argues that there is no evidence that the Hotel or its employees created the hazard.  Id. at 5.

### III.    STANDARD OF REVIEW

Summary judgment is appropriate "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(c).  An issue is "genuine" if the evidence is such that a reasonable jury could return a verdict for the non-moving party.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).  A factual dispute is "material" if it might affect the outcome of the case under governing law.  Id.

### IV.    ANALYSIS

To establish a claim for negligence relating to a business invitee, a plaintiff must show that the owner knew or by reasonable care would discover the condition and should have realized the risk it posed.  Carrender v. Fitterer, 469 A.2d 120, 123 (Pa. 1983); Restatement (Second) of Torts § 343.  While the Hotel cites a number of cases in support of its argument that the Hotel had no constructive notice of the dangerous condition, none of these cases are binding Third Circuit precedent affirming the grant of a motion for summary judgment on a slip and fall case.[2]  Mot. at 6-15.  Furthermore, none of those cases address the factual scenario of ice that has been left long enough to melt (as contrasted with water that was liquid when it was spilled).  Id.  Polanco has

---

[2] The Hotel cites two nonprecedential Third Circuit cases, but both are distinguishable.  Mot. at 10-11, citing Canton v. Kmart Corp., 470 F. App'x 79 (3d Cir. 2012) and Cox v. Wal-Mart Stores East, L.P., 350 F. App'x 741 (3d Cir. 2009).  In Canton, the Third Circuit noted a lack of photographic evidence and other evidence that would have shown that the spilled liquid had been on the floor for very long.  470 F. App'x at 85-86.  In Cox, the Third Circuit ruled that there was not enough evidence of a "slow leak [of oil] over time" to support a conclusion that a store had constructive notice.  350 F. App'x at 744.  Neither case involved a spill of solid ice that was left long enough to melt into liquid, with supporting photographic evidence taken shortly after the fall at issue.

presented evidence, through pictures, of the spilled and melted ice, which raises a question of fact as to how long the ice was present in the elevator lobby and whether the hotel staff should have become aware of the hazard before Polanco slipped.

## V.     CONCLUSION

Based on the facts laid out in the parties' Statements of Undisputed Facts, the Hotel's motion for summary judgment shall be **DENIED**.  There appears to be a dispute of material fact as to how long the ice was present and whether the Hotel's employees had constructive notice of the spilled ice based on how long it was present in a frequently-traveled area.

An appropriate Order follows.